UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-06374 JAK (MANx) | Date | June 22, 2015 |
| Title | Luis Enrique Hernandez, et al. v. Bahram Alavi, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (DKT. 28) AND APPLICATIONS FOR ENTRY OF DEFAULT AGAINST DEFENDANTS (DKT. 25, 26, 27, 31) <mark>JS-6: Stayed/Inactive Calendar</mark> |
|---|---|

**I.    Introduction**

On August 13, 2014, Luis Enrique Hernandez ("Plaintiff") brought this action against Hacienda La Puente School District (the "District"), Bahram Alavi ("Alavi") and Fernando Sanchez ("Sanchez") (collectively, "Defendants"). Compl., Dkt. 1. The Complaint alleges that Plaintiff was sexually abused by his teammates on his high school soccer team. *Id.* ¶ 11.

On December 15, 2014, Sanchez and the District moved to dismiss. Dkt. 10.[1] On December 29, 2014, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 17. It advances three causes of action: (1) sex discrimination in violation of 20 U.S.C. §§ 1681-1688 (against the District); (2) denial of equal protection in violation of 42 U.S.C. § 1983 (against Alavi and Sanchez); and (3) denial of substantive due process in violation of 42 U.S.C. § 1983 (against Alavi and Sanchez). *Id.* Plaintiff served Alavi with the FAC on January 5, 2015. *See* Dkt. 22. No responsive pleading was filed by any defendant within 21 days after service of the FAC.

On February 24, 2015, Plaintiff filed applications for the Clerk of the Court to enter default against Defendants ("Applications"). Dkt. 25; Dkt. 26; Dkt. 27. On that same date, Defendants filed a motion to dismiss the FAC ("Motion"). Dkt. 28. On February 25, 2015, the Clerk of the Court notified Plaintiff that default could not be entered because of the pending Motion. Dkt. 30. On March 10-11, 2015, Plaintiff opposed the Motion. Dkt. 31[2]; Dkt. 32. On April 20, 2015, Defendants filed an untimely reply brief in

---

[1] Alavi did not join in this motion; he had not yet been served at the time it was filed. *See* Dkt. 16; Dkt. 22.
[2] This document was improperly filed as an "Application for Entry of Default Against Defendant Hacienda La Puente Unified School District." Dkt. 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-06374 JAK (MANx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | Luis Enrique Hernandez, et al. v. Bahram Alavi, et al. | | |

support of the Motion. Dkt. 40.[3]

A hearing on the Motion and Applications was held on May 4, 2015. During the hearing, the parties reported that an Order to Show Cause regarding consolidation of related Superior Court matters was set for May 21, 2015. *See* Dkt. 43. The parties were ordered to meet and confer regarding claims filed here and in the Superior Court and submit a joint report regarding their discussions no later than May 28, 2015. *Id.* They did so. *See* Dkt. 44. In that report, Plaintiff requested a decision on the pending motion to dismiss. *Id.*

A second hearing on the Motion and Applications was held on June 8, 2015 and the matters were taken under submission. Dkt. 45. For the reasons stated in this Order, the Motion is **GRANTED IN PART**; the Applications are **MOOT**.

**II.     Factual Background**

In October 2011, Plaintiff became a member of the varsity soccer team at his high school in the District. FAC ¶ 9, Dkt. 17. In November 2011, Plaintiff was subjected to a hazing ritual known as the "Pole Tradition." *Id.* ¶¶ 11, 40. His teammates induced him to join them in a room near the classroom used by Alavi, who was the coach of the soccer team. Athletic equipment was stored in that room. *Id.* ¶¶ 20-21.

Once he entered the room, Plaintiff was asked if he wanted it the "easy way" or the "hard way." *Id.* ¶ 21. The FAC alleges that the "easy way" meant "the victim would bend down and accept the sexual assault without resistance" and the "hard way" meant that, "upon resistance by the victim," the other players would physically attack him and force the sexual assault. *Id.* Physical attack "included being punched and kicked by the assailants." *Id.* The FAC alleges that the sexual assault consisted of "prodding a sharp pole into the anus and all over the butt cheeks of the victim." *Id.* ¶ 22. The FAC alleges that these students taunted Plaintiff during the assault and only stopped once they were "satisfied" he had been "sufficiently abused and demeaned." *Id.* ¶ 23.

The FAC alleges that this sexual assault was part of an "initiation tradition" that has "existed for over a decade." FAC ¶ 13. It alleges that various school and District officials including Alavi, Sanchez (the Vice Principal at the time) and Jay F. Chen (a District official) knew of this practice. *Id.* ¶¶ 19, 26. The FAC alleges that Alavi had "full knowledge" and consented to Plaintiff's assault. *Id.* ¶ 19. Further, the FAC alleges that Alavi heard Plaintiff's screams during the assault, but took no action. *Id.* ¶¶ 20, 24. After Plaintiff left the room where he was assaulted, he walked past Alavi who was sitting at his desk. *Id.* ¶ 23. The FAC alleges that Alavi had a "smile on his face." *Id.*

The FAC alleges that the incident was filmed by using a cell phone and that the recording was shown to, and shared with, others. FAC ¶ 31. After the incident became known to others, the Principal and Vice Principal "called in members of the varsity soccer team and attempted to have them sign a declaration

---

[3] Because the Motion was filed on February 24, 2015 and set for hearing on May 4, 2015, any reply was to be filed on or before March 17, 2015 under the Court's Standing Order. Nevertheless, the brief is accepted as filed because Plaintiff did not contest its filing and there has been no showing of prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-06374 JAK (MANx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | Luis Enrique Hernandez, et al. v. Bahram Alavi, et al. | | |

that the sexual assault did not happen." *Id.* ¶ 32. It also alleges that the Principal and Vice Principal accused varsity soccer team members of "lying about the sexual assault." *Id.* ¶ 33.

### III.     Procedural History

On August 15, 2013, Plaintiff filed a complaint in the Los Angeles Superior Court. Request for Judicial Notice, Dkt. 10-1, Ex. 1 ("State Complaint").[4] That complaint includes eight causes of action: (1) sexual battery; (2) sexual harassment (Cal. Civ. Code § 51.9); (3) false imprisonment; (4) intentional infliction of emotional distress; (5) "tort liability against principal"; (6) local government liability (42 U.S.C. § 1983); (7) violation of the Bane Act (Cal. Civ. Code § 52.1); and (8) negligence. *Id.*

On August 13, 2014, Plaintiff filed his Complaint in this action. Compl., Dkt. 1. It advances three causes of action: (1) sex discrimination in violation of 20 U.S.C. §§ 1681-1688 (against the District); (2) denial of equal protection in violation of 42 U.S.C. § 1983 (against Alavi and Sanchez); and (3) denial of substantive due process in violation of 42 U.S.C. § 1983 (against Alavi and Sanchez).

On December 2, 2014, Plaintiff filed a First Amended Complaint in the Superior Court that contains only two causes of action: (1) violation of the Bane Act and (2) violation of the Ralph Act (Cal. Civ. Code § 51.7). Request for Judicial Notice, Dkt. 10-1, Ex. 2 ("State FAC").

On December 29, 2014, Plaintiff filed the FAC in this action. FAC, Dkt. 17. The FAC advances the same causes of action that were presented in the initial complaint. *Id.*

### IV.     Analysis

         A.     Legal Standard

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "This duty is not, however, absolute." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Federal courts may decline to exercise jurisdiction under "exceptional circumstances" where "denying a federal forum would clearly serve an important countervailing interest." *Id.* (internal quotation marks removed).[5]

A federal court may stay or dismiss an action when a parallel, and sometimes more comprehensive, state

---

[4] Defendants neither renewed their request for judicial notice nor attached copies of the Superior Court complaints to the present Motion. However, pursuant to Fed. R. Evid. 201(b), judicial notice is taken of these public records, which were previously authenticated. Dkt. 10-1, Ex. 1-2.

[5] Defendants moved to dismiss the action under *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. 28. However, this doctrine is inappropriate because there has been no showing that the federal proceedings would interfere with the pending state proceedings. *See Wiener v. Cnty. of San Diego*, 23 F.3d 263, 267 (9th Cir. 1994). Rather, the issue is whether parallel state and federal proceedings would be inefficient, duplicative and, possibly, inconsistent. Accordingly, this Order addresses whether deference to the pending state proceedings is appropriate under *Colorado River*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-06374 JAK (MANx) | Date | June 22, 2015 |
| Title | Luis Enrique Hernandez, et al. v. Bahram Alavi, et al. | | |

court proceeding is pending that involves the same parties and presents the same core, legal issues. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). This doctrine is premised on the need for "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817. "To decide whether a particular case presents the exceptional circumstances that warrant a *Colorado River* stay or dismissal, the district court must carefully consider 'both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'" *R.R. St. & Co., Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (quoting *Colo. River*, 424 U.S. at 818). "[I]n certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).

The Ninth Circuit has identified at least eight factors that are among those that a district court should consider in determining whether to stay or dismiss under the *Colorado River* doctrine. The first seven are:

> (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping.

*Holder v. Holder,* 305 F.3d 854, 870 (9th Cir. 2002). The eighth factor is "whether the state court proceedings will resolve all issues before the federal court." *R.R. St.*, 656 F.3d at 978-79.

"[T]he burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction." *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y.*, 762 F.2d 205, 210 (2d Cir. 1985). "Only the clearest of justifications will warrant dismissal." *Colo. River*, 424 U.S. at 819; *see also R.R. St.*, 656 F.3d at 978 n.8; *Coopers & Lybrand v. Sun-Diamond Growers of Cal.*, 912 F.2d 1135, 1138 (9th Cir. 1990) ("district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*").

   B.  Application

In this case, neither the first nor the second factor applies. Therefore, only the remaining six factors are discussed.

     1.  <u>Piecemeal Litigation</u>

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. St.*, 656 F.3d at 979 (quoting *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). Mere "possibility" of piecemeal litigation is not an "exceptional circumstance" under *Colorado River* deference. *Id.* Rather, there must be a "special concern about piecemeal litigation" that can be "remedied by staying or dismissing the federal proceeding." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20-21 (1983)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-06374 JAK (MANx) | Date | June 22, 2015 |
| Title | Luis Enrique Hernandez, et al. v. Bahram Alavi, et al. | | |

The parties agree that the claims made in this case and those presented in the Superior Court should be resolved in a single proceeding. Dkt. 44. This is because the legal claims raised in the two complaints are based on the same factual allegations. At issue in both the state and federal proceedings is whether Plaintiff was subject to violence and improper treatment due to his gender. In the first complaint filed in the Superior Court, Plaintiff alleged violations of both state and federal law. He then filed this action, seeking to litigate federal and state claims in a piecemeal fashion. If Plaintiff is permitted to do so, there is a significant risk of both duplicative pretrial and trial proceedings as well as inconsistent results.

The current state claims consist of alleged violations of the Bane Act (Cal. Civ. Code § 52.1) and the Ralph Act (Cal. Civ. Code § 51.7). The Bane Act prohibits interference with constitutional and state law rights through threats, intimidation and coercion made under color of law. *See* Cal. Civ. Code § 52.1. The Ralph Act prohibits violence and intimidation on account of race, sex and other suspect classes. *See* Cal. Civ. Code § 51.7. Plaintiff's federal claims arise under 42 U.S.C. § 1983. That statute prohibits the same actions by the Defendants.

For these reasons, this factor weighs strongly in favor of staying the action.[6]

       2.      <u>Order of Jurisdiction</u>

This factor "must be applied in a pragmatic, flexible manner, so that priority is not measured exclusively in terms of which complaint was filed first, but rather in terms of how much progress was actually made in the state and federal actions." *Am. Int'l Underwriters*, 843 F.2d at 1258.

Plaintiff filed the action in the Superior Court before he filed this one. As noted, the original complaint filed in the Superior Court presented both state and federal causes of action, including federal claims now asserted here. *See Hernandez v. Alavi*, No. BC518421 (Cal. Super. Ct. Aug. 15, 2013) (Compl., Dkt. 1). On May 20, 2015, Plaintiff's Superior Court action was consolidated with *J.B. v. Hacienda La Puente Unified Sch. Dist.*, No. KC065813 (Cal. Super. Ct.), which was brought by a different plaintiff, but presents very similar, if not the same, factual and legal issues. Dkt. 44. The two Superior Court cases have been pending since 2013.

This factor supports a stay of the instant action.

       3.      <u>Source of Law</u>

The "presence of federal-law issues must always be a major consideration weighing against surrender" of jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983). Here, although

---

[6] Although a stay "avoids the risk that the federal plaintiff will be time-barred from reinstating the federal suit," it does not necessarily change what would otherwise be the preclusive effects of a state court judgment. *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 244 (9th Cir. 1989) (a stay "avoids unnecessarily or prematurely reaching speculative and difficult questions of state preclusion and limitations law"). Any issues related to claim preclusion or res judicata are not ripe for determination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-06374 JAK (MANx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | Luis Enrique Hernandez, et al. v. Bahram Alavi, et al. | | |

the initial complaint filed by Plaintiff in the Superior Court included federal claims, they were removed from the amended complaint that he filed there. Thus, although this action is now the only one in which Plaintiff has asserted federal claims, that is due to the litigation strategy he has implemented. Under these circumstances, this factor weighs very slightly against entering a stay.

      4.      <u>Adequacy of State Court Proceedings</u>

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." *R.R. St.*, 656 F.3d at 981. Plaintiff may assert his federal claims in the Superior Court. Indeed, Plaintiff originally did so. Moreover, the Superior Court is a fully adequate forum for the resolution of these claims. And, because this factor does not disfavor *Colorado River* deference, it is less important. *See R.R. St.*, 656 F.3d at 981; *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990). On balance this factor favors the entry of a stay.

      5.      <u>Forum Shopping</u>

A federal court may consider "the vexatious or reactive nature of either the federal or the state litigation." *R.R. St.*, 656 F.3d at 981 (quoting *Moses*, 460 U.S. at 17 n.20). The question is whether forum shopping is "readily apparent" from the federal plaintiff's actions. *Id.* It is. Plaintiff originally brought his federal and state law claims in the Superior Court. A year later, he separated into two actions. This reflects forum shopping. This factor favors the entry of a stay.

      6.      <u>Parallel Suits</u>

This factor addresses whether the state and federal actions are "substantially similar." *R.R. St.*, 656 F.3d at 982. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal." *Id.* Generally, courts "rely on the state of affairs at the time of the *Colorado River* analysis." *Id.* However, the *Colorado River* factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.*

Resolution of the pending Superior Court action would not expressly resolve Plaintiff's federal claims. However, as Plaintiff acknowledges, he can amend his complaint in the Superior Court action and re-allege the federal claims there. *See* Dkt. 44. Accordingly, this factor weighs strongly in favor of the entry of a stay.[7]

        \*        \*        \*

Balancing all of the foregoing factors leads to a clear result. This action should be stayed pending the completion of the Superior Court proceedings. Further, Plaintiff should adhere to the view that he has already expressed, *i.e.*, that all of his claims should be resolved in a single proceeding, and seek leave to

---

[7] Further, the resolution of one action could result in a resolution of some or all of the claims presented in the other. *See* n. 6, *supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-06374 JAK (MANx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | Luis Enrique Hernandez, et al. v. Bahram Alavi, et al. | | |

amend his complaint in the Superior Court so that it includes the causes of action asserted here.

**V.      Conclusion**

The Motion is **GRANTED IN PART** and the action is **STAYED,** without prejudice to Plaintiff seeking to amend his complaint in the Superior Court so that it includes the federal claims. The Applications are **MOOT**. In light of the foregoing, this matter is placed on the Court's inactive calendar pending the resolution of the state court action. Counsel shall file a joint status report every 60 days, with the first one due on August 24, 2015. Counsel shall notify the Court, in writing, within 10 days of the conclusion of the state court action and/or when the matter should be reinstated to the Court's active calendar.

**IT IS SO ORDERED.**

_____  :  _____
Initials of Preparer    ak